*FILED*
*MAY 1 4 2008*
*CLERK, U.S. DISTRICT COURT*
*SOUTHERN DISTRICT OF CALIFORNIA*
*BY _____ DEPUTY*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | Mag. Case No.: **'08 MJ 8417** |
| Plaintiff,           ) | COMPLAINT FOR VIOLATION OF |
| v.           ) | Title 8, U. S.C. § 1324(a)(1)(A)(ii) Illegal Transportation of Aliens (Felony) |
| Benny LOPEZ,           ) | Title 8, U.S.C., § 1324(a)(1)(A)(iii) Harboring Illegal Aliens |
| Defendant.           ) | |

The undersigned complainant being duly sworn states:

COUNT I

On or about May 12, 2008, within the Southern District of California, defendant Benny LOPEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Isaias GUERRERO-Maldonado, Francisco SORIA-Orozco, Marcos HERNANDEZ-Quiroz, Pedro GAMBOA-Ocana and Arturo ANDRADE-Perez, had come to, entered and remained in the United States in violation of law, did transport and move, and attempt to transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

//
//
//

## COUNT II

On or about May 12, 2008, within the Southern District of California, defendant Benny LOPEZ, knowing and in reckless disregard of the fact that said aliens, namely, Isaias GUERRERO-Maldonado, Francisco SORIA-Orozco, Marcos HERNANDEZ-Quiroz, Pedro GAMBOA-Ocana and Arturo ANDRADE-Perez, had come to, entered and remained in the United States in violation of law, did conceal, harbor and shield from detection and attempt to conceal, harbor and shield from detection such aliens in a building located at 875 Bonds Corner Road, Calexico, California, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

_____
PAUL LEWENTHAL
Special Agent
U. S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 14TH DAY OF MAY 2008.

_____
PETER C. LEWIS
U. S. MAGISTRATE JUDGE

UNITED STATES OF AMERICA
v.
Benny LOPEZ

## STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending officers.

On May 12, 2008, at approximately 3:37 p.m. Benny LOPEZ arrived at the U. S. Border Patrol Checkpoint on Highway 111 near Niland, California, as the only visible occupant driver of a 2007 Nissan Altima. LOPEZ stated to Agent Shurtleff that he was a U. S. Citizen. Agent Shurtleff noticed LOPEZ appeared to be nervous, was speaking fast and avoided eye contact. LOPEZ gave Agent Shurtleff consent to search the trunk. Agent Shurtleff noticed LOPEZ was fumbling with the trunk release. LOPEZ accelerated from the checkpoint at a high rate of speed.

Agents followed LOPEZ in a fully marked U. S. Border Patrol vehicle. LOPEZ abandoned the vehicle and absconded. Two individuals, later identified as Francisco SORIA-Orozco and Isaias GUERRERO-Maldonado, were found inside the trunk.

Agent Brett found LOPEZ hiding in the brush. LOPEZ stated without questioning that he was a former Border Patrol Agent and his girlfriend was being held at gunpoint. LOPEZ was placed under arrest.

Agent Shurtleff advised LOPEZ of his rights per Miranda. LOPEZ stated he understood his rights and was willing to answer questions without the presence of an attorney. LOPEZ admitted being the driver of the 2007 Nissan Altima. LOPEZ was asked why he left the checkpoint before the agent had a chance to look in the trunk and complete his inspection. LOPEZ then invoked his rights.

U. S. Border Patrol Agent I. Cerda and Federal Bureau of Investigation (FBI) Special Agent R.J. Rothrock advised LOPEZ of his rights per Miranda. LOPEZ stated he understood his rights and was willing to answer questions without the presence of an attorney. LOPEZ stated that his girlfriend, Matilde SALTO, was being held against her will by at least two possibly four males with firearms at his residence, 875 Bonds Corner Road, Calexico, California. LOPEZ stated the gunmen brought the illegal aliens to his residence and told him he had to transport them. LOPEZ was

allowed to contact SALTO from the U. S. Border Patrol Station in Indio, California. SALTO advised LOPEZ that "they" were still there. LOPEZ gave U. S. Immigration & Customs Enforcement (ICE), Special Agent C. Miller consent to search his residence and the adjoining building. LOPEZ stated an individual known as "Chakala" and unidentified male were staying with SALTO at the residence until the smuggling venture was completed. LOPEZ stated "Chakala" was in possession of a .38 caliber revolver in his waste band and the another individual was in possession of a .38 Super revolver in his vehicle.

ICE agents via telephone advised SALTO to leave the residence. LOPEZ had contact with SALTO via cellular telephone. ICE agents picked up SALTO in front of the residence and transported to the ElCentro Border Patrol Station..

ICE agents executed a search of LOPEZ's residence and his property. No one was inside the residence. Agents located a loaded .38 caliber revolver and a box of .38 caliber ammunition at the residence.

FBI Special Agent R.J. Rothrock advised SALTO of her rights per Miranda. SALTO stated she understood her rights and was willing to answer questions without the presence of an attorney. SALTO stated she and her boyfriend, LOPEZ, reside at 875 Bonds Corner Road in Calexico. SALTO stated on May 11, 2008, LOPEZ was contacted via Boost mobile phone by an unknown individual. The individual instructed them to pick up people in Calexico. LOPEZ was instructed to drive to Calexico and contact the individual for additional instructions. LOPEZ left the residence in the 2007 Nissan Altima and returned with five individuals. The individuals remained in the shed. On May 12, 2008, LOPEZ left the residence with two individuals from the shed. SALTO stated she did not know how much money LOPEZ would be paid for transporting the two illegal aliens. SALTO stated the weapon located at the residence belongs to LOPEZ. SALTO was later released.

ICE agents apprehended three individuals, later identified as Marcos HERNANDEZ-Quiroz, Pedro GAMBOA-Ocana and Arturo ANDRADE-Perez, in a shed located in LOPEZ's property.

Material Witnesses Isaias GUERRERO-Maldonado, Francisco SORIA-Orozco, Marcos HERNANDEZ-Quiroz, Pedro GAMBOA-Ocana and Arturo ANDRADE-Perez admitted that they

are a citizens of Mexico without the proper U. S. immigration documents to enter, be in, work, or reside in the United States legally.

Material Witness GAMBOA stated he was to be smuggled to Los Angeles, California, for a smuggling fee of $2,000.00. GAMBOA stated after his illegal entry he walked to a donut shop in Calexico. GAMBOA stated he was picked up and taken to the garage where he was apprehended. GAMBOA stated the other two Material Witnesses Marcos HERNANDEZ-Quiroz and Arturo ANDRADE-Perez were already inside the garage. GAMBOA stated he observed a Nissan Altima parked outside. GAMBOA was presented with a photo line-up and identified photo #3 as the driver of the Nissan Altima. Photo #3 is the photograph of LOPEZ.

Material Witness HERNANDEZ stated he was to be smuggled to Los Angeles for a smuggling fee of $1,800.00. HERNANDEZ stated he made his illegal entry by using an unidentified guide and was picked up by a blue truck. HERNANDEZ stated he was transported to a house where two other individuals were already there. HERNANDEZ was presented with a photo line-up and did not recognize any of the individuals.

Material Witness ANDRADE stated he was to be smuggled to Los Angeles for a smuggling free of $2,500.00. ANDRADE stated after his illegal entry he ran towards a house. ANDRADE stated he was allowed to enter the house. ANDRADE stated he was taken by car from the house to a nearby hotel. ANDRADE stated he stayed at the hotel with two other individuals until he was taken to the house where he was apprehended. ANDRADE was presented with a photo line-up and did not recognize any of the individuals.

Material Witness SORIA and GUERRERO stated they were to be smuggled to Santa Rosa, California, for a smuggling fee of $2,800.00 each. SORIA stated after his illegal entry he was brought to a trailer and later transported to a house in El Centro, California. SORIA and GUERRERO stated the driver, LOPEZ, came to the house and told them to get in the trunk. SORIA and GUERRERO stated LOPEZ knew they were illegal aliens. SORIA stated LOPEZ knew because SORIA was going to pay LOPEZ to smuggle him. GUERRERO stated he was transported to a house in El Centro.

1  The complaint states that names of the Material Witnesses is as follows:

| Name | Place of Birth |
|---|---|
| Isaias GUERRERO-Maldonado | Mexico |
| Francisco SORIA-Orozco | Mexico |
| Marcos HERNANDEZ-Quiroz | Mexico |
| Pedro GAMBOA-Ocana | Mexico |
| Arturo ANDRADE-Perez | Mexico |

Further, complainant states that Isaias GUERRERO-Maldonado, Francisco SORIA-Orozco, Marcos HERNANDEZ-Quiroz, Pedro GAMBOA-Ocana and Arturo ANDRADE-Perez, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and that they are material witnesses in relation to his criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.