```
                                              FILED
                                              JUN 19 2008
                                              CLERK, U.S. DISTRICT COURT
                                              SOUTHERN DISTRICT OF CALIFORNIA
                                              BY            DEPUTY
```

KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6507
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0212-JLS |
| Plaintiff, | STIPULATION AND JOINT MOTION FOR RELEASE OF MATERIAL WITNESSES AND ORDER THEREON |
| v. | |
| BENNY LOPEZ (1), | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED between the Plaintiff, UNITED STATES OF AMERICA, through its counsel, Karen P. Hewitt, United States Attorney, and Paul L. Starita, Assistant U.S. Attorney, and defendant BENNY LOPEZ ("Defendant"), through his defense counsel, Knut Johnson, Esq., that:

1. Pursuant to a Plea Agreement, Defendant agrees to plead guilty to Counts 1, 3, 5, 9, 11, 13, 15, and 17 of the Superseding Indictment, in Criminal Case No. 08CR0212-JLS, charging defendant with smuggling aliens for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

2. With regard to Defendant, there are eight material witnesses in this case – (1) Victor Manuel Ayon-Lizarraga, (2) Carlos Jodin Villegas-Hernandez, (3) Ramon Silva-Reyes, (4) Isaias Guerrero-Maldonado, (5) Francisco Soria-Orozco, (6) Marcos Hernandez-Quiroz, (7) Pedro Gamboa-Ocana, and (8) Arturo Andrade-Perez – whose testimony is material if this case proceeded

to trial. As discussed further, the parties stipulate that the two material witnesses would testify to facts relevant to the charges and such testimony would be admissible at trial as statements against interest of an unavailable witness under Fed. R. Evid. 804(b)(3), and Defendant agrees to waive any confrontation clause challenge under <u>Crawford v. Washington</u>, 524 U.S. 36 (2004).

3. Material witness # 1, Victor Manuel Ayon-Lizarraga, in this case:
    a. Is an alien with no legal right to enter or remain in the United States;
    b. Is a Mexican citizen from Candelaria, Sinaloa, Mexico;
    c. Was guided with two other material witnesses into the United States from Mexico by co-defendant, Juan Jose Aguirre-Cruz;
    d. Was to pay $2,800 to be smuggled to a destination within the United States, namely Los Angeles, California, and Defendant coordinated his entry into the United States; and
    e. May be released to the United States Department of Homeland Security for return to his country of origin.

4. Material witness # 2, Carlos Jodin Villegas-Hernandez, in this case:
    a. Is an alien with no legal right to enter or remain in the United States;
    b. Is a Mexican citizen from Michoacan, Mexico;
    c. Was guided with two other material witnesses into the United States from Mexico by co-defendant, Juan Jose Aguirre-Cruz;
    d. Was to pay $2,800 to be smuggled to a destination within the United States, and Defendant coordinated his entry into the United States; and
    e. May be released to the United States Department of Homeland Security for return to his country of origin.

5. Material witness # 3, Ramon Silva-Reyes, in this case:
    a. Is an alien with no legal right to enter or remain in the United States;
    b. Is a Mexican citizen from Guanajuato, Mexico;

  c. Was guided with two other material witnesses into the United States from Mexico by co-defendant, Juan Jose Aguirre-Cruz;

  d. Was to pay $2,800 to be smuggled to a destination within the United States, namely Los Angeles, California, and Defendant coordinated his entry into the United States ; and

  e. May be released to the United States Department of Homeland Security for return to his country of origin.

6. Material witness # 4, Isaias Guerrero-Maldonado, in this case:

  a. Is an alien with no legal right to enter or remain in the United States;

  b. Is a Mexican citizen and was born in Michoacan, Mexico;

  c. Was harbored by Defendant along with other material witnesses at a house in the United States and then he and another material witness were transported in the trunk of Defendant's vehicle in the United States;

  d. Made arrangements to be smuggled into the United States from Mexico and was to pay $2,800 to be smuggled to a destination within the United States, namely Santa Rosa, California, and Defendant was part of these arrangements; and

  e. May be released to the United States Department of Homeland Security for return to his country of origin.

7. Material witness # 5, Francisco Soria-Orozco, in this case:

  a. Is an alien with no legal right to enter or remain in the United States;

  b. Is a Mexican citizen and was born in Michoacan, Mexico;

  c. Was harbored by Defendant along with other material witnesses at a house in the United States and then he and another material witness were transported in the trunk of Defendant's vehicle in the United States;

  d. Made arrangements to be smuggled into the United States from Mexico and was to pay $2,800 to be smuggled to a destination within the United States,

1  namely Santa Rosa, California, and Defendant was part of these
2  arrangements; and
3      e. May be released to the United States Department of Homeland Security for
4  return to his country of origin.
5  8. Material witness # 6, Pedro Gamboa-Ocana, in this case:
6      a. Is an alien with no legal right to enter or remain in the United States;
7      b. Is a Mexican citizen;
8      c. Was harbored by Defendant along with other material witnesses at a house
9  in the United States;
10     d. Made arrangements to be smuggled into the United States from Mexico and
11 was to pay $2,000 to be smuggled to a destination within the United States,
12 namely Los Angeles, California, and Defendant was part of these
13 arrangements; and
14     e. May be released to the United States Department of Homeland Security for
15 return to his country of origin.
16 9. Material witness # 7, Marcos Hernandez-Quiroz, in this case:
17     a. Is an alien with no legal right to enter or remain in the United States;
18     b. Is a Mexican citizen and was born in Chihuahua, Mexico;
19     c. Was harbored by Defendant along with other material witnesses at a house
20 in the United States;
21     d. Made arrangements to be smuggled into the United States from Mexico and
22 was to pay $1,800 to be smuggled to a destination within the United States,
23 namely Los Angeles, California, and Defendant was part of these
24 arrangements; and
25     e. May be released to the United States Department of Homeland Security for
26 return to his country of origin.
27 //
28

Case No. 08CR0212-JLS
Stipulation and Joint Motion For Release of
Material Witnesses and Order Thereon.

4

10. Material witness # 8, Arturo Andrade-Perez, in this case:

   a. Is an alien with no legal right to enter or remain in the United States;

   b. Is a Mexican citizen and was born in Michoacan, Mexico;

   c. Was harbored by Defendant along with other material witnesses at a house in the United States;

   d. Made arrangements to be smuggled into the United States from Mexico and was to pay $2,500 to be smuggled to a destination within the United States, namely Los Angeles, California, and Defendant was part of these arrangements; and

   e. May be released to the United States Department of Homeland Security for return to his country of origin.

After the material witnesses are ordered released by the Court pursuant to this stipulation and joint motion, if the Defendant withdraws his guilty plea before the plea is accepted by the District Court, the Defendant agrees that, in any proceeding including, but not limited to, motions hearings, trial, sentencing, appeal, or collateral attack, that:

   a. The stipulated facts set forth above shall be admitted as substantive evidence;

   b. The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witnesses provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of an unavailable witness; and

   c. Understanding that, under <u>Crawford v. Washington</u>, 524 U.S. 36 (2004), testimonial hearsay statements are not admissible against a defendant unless the defendant confronted and cross examined the witness who made the testimonial hearsay statements, Defendant waives the right to confront and cross examine the material witnesses in this case.

//

```
 1        Based on the foregoing, the parties jointly move the stipulation into evidence and move for
 2   the immediate release of the above-named material witnesses for return to their respective country
 3   of origin.
 4        It is so STIPULATED AND AGREED.
```

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

Dated: 6·18·08

PAUL L. STARITA
Assistant U.S. Attorney

Dated: 6/18/08

KNUT JOHNSON
Attorney for Defendant

Dated: 6/18/08

BENNY LOPEZ
Defendant

Case No. 08CR0212-JLS
Stipulation and Joint Motion For Release of
Material Witnesses and Order Thereon.

6

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>BENNY LOPEZ (1),<br><br>　　　　　Defendant. | Criminal Case No. 08CR0212-JLS<br><br>ORDER ADMITTING STIPULATION INTO EVIDENCE AND RELEASE OF MATERIAL WITNESSES |

Upon the Stipulation and Joint Motion of the parties and for good cause shown,

THE STIPULATION is admitted into evidence, and,

IT IS ORDERED that the material witnesses be released and remanded to the United States Department of Homeland Security for return to their respective country of origin.

SO ORDERED.

Dated: 6-19-08

_____
United States Magistrate Judge

7

Case No. 08CR0212-JLS
Stipulation and Joint Motion For Release of Material Witnesses and Order Thereon.